IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JONATHAN WILLIAMS,

    Plaintiff,

v.                                                      CASE NO. 1:10-cv-00080-MP-GRJ

ALACHUA COUNTY, et al

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

    Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that unnamed officers at the Alachua County Jail took his envelopes and he has been unable to access the Court. (Doc. 1). This matter has been pending since May 3, 2010, and despite repeated instruction about the IFP process and several extensions of time to complete this process (Docs. 4, 9, 14, 16), Plaintiff has still failed to provide the necessary information for the Court to determine his IFP status and to assess an initial partial filing fee. Nonetheless, Plaintiff has responded to the Court's show cause order to request yet another Prisoner Consent Form, which he will "attempt" to get completed. (Docs. 19 and 20). The Court processes hundreds of prisoner complaints a year and this process is not complicated, the correctional institutions and jails are familiar with it, and these facilities provide a grievance mechanism available to Plaintiff and any other inmate to resolve this precise type of difficulty, i.e. assistance in obtaining forms to abide by court deadlines.

    Given the inordinate delay in obtaining the financial information, the Court has decided to review the complaint and finds for the following reasons that the case should

be dismissed.

Plaintiff is suing the jail and the sheriff for $300,000.00 because unidentified jail officials took legal envelopes from him which he contends has prevented him from pursuing unspecified legal matters. From the grievances attached to the complaint, Plaintiff wanted to file letters to several judges, the Clerk's Office in Duval and Alachua County, and a Probation Office.

To state a claim for denial of access to the courts, Plaintiff must show that the failure of the defendants to provide him envelopes (or other paper materials) impeded his efforts to pursue a non-frivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996).

In Lewis, the Court announced the following three-part test for determining whether a denial of access to the courts has, in fact, caused actual injury under the Constitution:

> 1. The action must involve an attack to the prisoner's sentence, directly or collaterally, or challenge the conditions of his confinement.
>
> 2. The prisoner must show the claim to which he was impeded was not frivolous.
>
> 3. The conduct complained of must have impeded the inmate's capability to file the non-frivolous action challenging his sentence or the conditions of his confinement.

*Id*. at 1281-83.

The legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action." Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998), *citing* Lewis, 518 U.S. at 352-57, 116 S. Ct. at 2181-82. When a prisoner has not alleged, much less shown, an actual injury his claim must fail.

Nichols v. Head, No. 5:10cv-71(HL), 2010 WL 1224091 (M.D. Ga. March 22, 2010). See also Dorsey v. White, No. 2:05cv565-MHT, 2007 WL 2480517 (M.D. Ala. Aug. 27, 2007) (failure to allege any specific facts showing prejudice to pending or contemplated appeal, habeas action or non-frivolous civil rights action does not establish requisite showing of actual prejudice); Tucker v. Powell, No. 7:09-cv-67 (WLS), 2009 WL 3416465 (M.D. Ga. July 8, 2009) (conclusory allegation of prejudice without more specific showing of negative impact on particular legal action does not state a claim).

Letters to judges, clerks and probation officers are not the type of legal access protected by the Constitution and any alleged denial of envelopes to send such material fails to state a claim for relief under 42 U.S.C. §1983.

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The Court is required to dismiss a complaint at any time if it is determined to be frivolous. 28 U.S.C. §1915(e)(2)(B)(I). Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners because they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the complaint be **DISMISSED** for failure to state a claim for relief and as frivolous.

At Gainesville, Florida, this 9th day of November 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**